UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | No. 3:12-cr-377-M |
| v. | § | |
| | § | |
| CAROLYN CLARK, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION & ORDER

Before the Court is the Government's Motion to Exclude Defendant Clark's Experts [Docket Entry #125]. Plaintiff seeks to exclude two of Clark's designated experts: (1) Kimberly Priest-Johnson, who is designated to testify about federal sentencing guidelines and federal plea bargaining, and (2) Chris J. Dellinges, CPA, who is designated to testify about compliance with Treasury Department regulations concerning the preparation of tax returns and the policies and procedures of Clark's tax preparation business. For the reasons stated below, the Government's Motion is **GRANTED in part** and **DENIED in part**.

The trial court acts as a "gatekeeper" to exclude expert testimony that does not meet the relevancy and reliability threshold requirements. In this role, the trial court determines the admissibility of expert testimony based on Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993) and its progeny. Accordingly, opinion testimony is not admissible unless:

(1) The witness is **qualified** as an expert by knowledge, skill, experience, training, or education. Fed. R. Evid. 702;

(2) The witness's reasoning or methodology underlying the opinion testimony is scientifically **reliable**. *Daubert*, 509 U.S. at 592-93; and

> (3) The testimony is **relevant**—that is, it assists the trier of fact to understand the evidence or to determine a fact at issue. Fed. R. Evid. 702; *Daubert*, 509 U.S. at 591.

The proponent of the expert has the burden of establishing the pertinent admissibility requirements by a preponderance of the evidence. *Kumho Tire Co. v. Carmichael*, 119 S. Ct. 1167, 1169 (1999). If the probative value of relevant evidence is substantially outweighed by a danger of one or more of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence[,]" the Court may exclude the evidence. Fed. R. Evid. 403. The Court rules as follows based on Rule 702, Rule 403, and in exercise of its gatekeeping function.

The Government seeks to exclude Ms. Priest-Johnson on the grounds that her testimony is not relevant or likely to assist the jury. With respect to Ms. Priest-Johnson's proposed testimony about federal sentencing guidelines, the Government correctly asserts that sentencing is not an issue before the jury. Further, testimony regarding federal plea bargaining is unnecessary given that the Court itself can adequately instruct the jury concerning testimony from co-Defendants who have accepted plea bargains. Clark does not respond to the Government's arguments regarding Ms. Priest-Johnson. Accordingly, the Government's Motion is **GRANTED** with respect to Ms. Priest-Johnson.

The Government argues that Mr. Dellinges's proposed testimony as to the propriety of the tax returns at issue and compliance with Treasury Department regulations should be excluded as it calls for a conclusion of law rather than assists the trier of fact in determining a fact at issue. In response, Clark describes Mr. Dellinges's proposed testimony with greater specificity, and maintains that his testimony would only concern background information about Treasury Department regulations and tax preparation procedures rather than legal conclusions.

The Government's Motion is **GRANTED in part** and **DENIED in part** with respect to Mr. Dellinges**.** While educating the jury as to relevant regulations and providing details about tax preparation are appropriate subjects for expert testimony, legal conclusions as to whether Defendant complied with Governmental regulations or industry practices are not. *United States v. Burlington Res. Oil & Gas Co.*, No. H–98–611, 2000 WL 1058972, at *7-8 (S.D. Tex. 2000). Thus, Mr. Dellinges may testify as to general background information about Treasury Department regulations and tax preparation industry practices, but may not offer legal conclusions, nor testify as to whether the tax returns at issue or Action E-File's policies and procedures were proper or in compliance with Treasury Department regulations.

**SO ORDERED**.

June 27, 2014.

_____
**BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS**